UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY JONES, | ) |
| Petitioner, | ) |
| v. | ) No. 2:18-cv-00424-JMS-DLP |
| J.E. KRUEGER Warden, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On September 18, 2018, Larry Jones filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding that commenced with Incident Report No. 3045161. The respondent filed a return to order to show cause on November 1, 2018, dkt. 8, and Mr. Jones replied on November 30, 2018, dkt. 9. The action is ripe for resolution.

For the reasons explained in this Entry, Mr. Jones' habeas petition must be **denied**.

**A.  Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Jones,* 637 F.3d at 845.

  **B.**  **The Disciplinary Proceeding Regarding Incident Report 3045161**

Counselor T. Nichols prepared Incident Report No. 3045161 on October 15, 2017, charging Mr. Jones with a violation of Code 108, Possession of a Cellular Phone. The Incident Report stated as follows:

> At approximately 1355, on Sunday 10-15-2017, this officer (T. Nichols) discovered a cellular phone in the possession of inmate Jones, Larry 13093-027. While making rounds in S01, last room closest to fire exit, inmate Jones 13093-027 was laying on the bottom bunk closest to the door with a cell phone in his hands. I ordered the inmate to surrender the cell phone and his commissary card. The inmate complied without any issues. The inmate also voluntarily surrendered the charger, which I had not seen. The cell phone is a black SAMSUNG, model SM-J327T1. The charger is a white LG electronics, Travel Adapter, MCS-01WRE, EAY64329301.

Dkt. 8-4.

The Incident Report was delivered to Mr. Jones and he was verbally advised of his rights on October 17, 2017. Dkt. 8-4; dkt. 8-7. The Unit Disciplinary Committee referred the charge to the Discipline Hearing Officer (DHO) for a hearing. Dkt. 8-4. Mr. Jones signed the Inmate Rights at Discipline Hearing form and the Notice of Discipline Hearing Before the DHO on October 23, 2017. Dkt. 8-5 at 4, 5.

On December 14, 2017, DHO Bradley held an Institution Discipline Hearing for Incident Report No. 3045161. Dkt. 8-5 at 1. Mr. Decker was verbally advised of his rights, was offered a staff representative, and was also advised he could request witnesses. He requested a staff representative, and one was appointed. Mr. Jones called no witnesses. Mr. Jones admitted to the charge, stating "I was in possession of a cell phone." *Id.*

At that hearing, the DHO found that Mr. Jones had violated Code 108, Possession of a Hazardous Tool (Cellular Phone), and the following disciplinary sanctions were imposed:

disallowance of 41 days good time credit, a 180-day forfeit of non-vested good time credit, a 180-day loss of phone privileges, and a $75.00 monetary fine. Dkt. 8-5 at 2. The findings were based on the following evidence: the Incident Report, the photo evidence of the phone, and Mr. Jones' own statement. *Id.* The DHO issued the report on December 20, 2017, and it was delivered to Mr. Jones on December 28, 2017. *Id.* at 3.

Mr. Jones appealed to the Regional Level. Dkt. 8-6 at 1. Some administrative errors were corrected in an Amended DHO Report issued on February 12, 2018. Dkt. 8-7. The Regional Director denied the appeal. Dkt. 8-6 at 5. Mr. Jones then appealed to the Central Office. Dkt. 8-8 at 1-2. The Central Office denied the appeal on July 5, 2018. Dkt. 8-8 at 3.

**C.  Analysis**

Mr. Jones argues that his due process rights were violated during the disciplinary proceedings. His claims are that: 1) he was never provided a copy of the Amended DHO Report; and 2) more than five days passed before the UDC hearing. Dkt. 1 at 6-7. He seeks the restoration of lost good time and the return of the $75.00 fine.

Mr. Jones' claim that he did not receive a copy of the Amended DHO report when it was reissued is based on an alleged violation of prison policy. As such, this claim fails. Prison policies, regulations, and guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Keller v. Donahue,* 271 F. App'x 531, 532 (7th Cir. 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("[A] prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

In addition, the Amended DHO Report did not change any of the substantive provisions, including the DHO's reasons for the decision and the evidence considered. Any error in the alleged failure to provide Mr. Jones with a copy at the time it was issued was harmless. *Jones,* 637 F.3d at 846-47.

Mr. Jones' claim about the timing of the hearing is unclear. Nonetheless, under these circumstances, the only due process requirement relating to timing is that notice of the charge must be provided at least 24 hours before the hearing. Mr. Jones was notified of the charge on October 17, 2017, long before the December 14, 2017, hearing. There is no dispute that Mr. Jones received timely notice of the charge and had adequate time to prepare for the hearing. To the extent Mr. Jones is claiming some other error in timing during the administrative process, at most it would be a prison policy issue, which, as discussed above, does not result in a constitutional violation.

In this case, Mr. Jones admitted that he violated the prison rule prohibiting the possession of a cell phone. Mr. Jones has not identified any due process error in finding him guilty of that charge and imposing sanctions.

**D.     Conclusion**

Mr. Jones was given adequate notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt, including Mr. Jones' own admission. Under these circumstances, there were no violations of Mr. Jones' due process rights.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Mr. Jones to the relief he seeks. Accordingly, Mr. Jones' petition for a writ of habeas corpus relating to Report No. 3045161 must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 6/5/2019

*Hon. Jane Magnus-Stinson, Chief Judge*
*United States District Court*
*Southern District of Indiana*

Distribution:

LARRY JONES
13093-027
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov